[No. C008292. Third Dist. July 12, 1991.]

CROWN MOTORS, Plaintiff and Appellant, v.
CITY OF REDDING, Defendant and Respondent.

COUNSEL

Jerrald K. Pickering for Plaintiff and Appellant.

Randall A. Hays, City Attorney, for Defendant and Respondent.

**OPINION**

**NICHOLSON, J.**—Crown Motors applied to the City of Redding for a use permit to construct and maintain an electronic reader board to display its advertising and other messages to the public. After Crown Motors filed its application, the city council enacted an ordinance prohibiting electronic reader boards. The ordinance was adopted as an urgency measure, thus becoming effective immediately and preventing issuance of the use permit to Crown Motors.

Claiming the urgency provision of the ordinance was enacted contrary to the provisions of Government Code section 36937, Crown Motors filed a complaint seeking declaratory relief and an injunction compelling the issuance of the use permit. The city moved for summary judgment, and the trial court granted the motion finding the urgency provision valid. The court entered judgment for dismissal in favor of the city, and Crown Motors appeals. We affirm.

## FACTS

On October 30, 1987, the City of Redding granted a use permit to Cypress Auto Center, Crown Motors's competitor, for the construction and maintenance of an electronic reader board. Cypress Auto Center erected the electronic reader board, which is more than 13 feet high and 23 feet wide. It contains almost 300 square feet of lights, linked to and controlled by a computer. It rests on a pedestal rising almost 37 feet, which makes the entire structure almost 50 feet high, overall. The sign displays commercial advertising and other messages.

On April 1, 1988, Crown Motors filed an application for a use permit to construct and maintain its own electronic reader board. However, on April 19, 1988, the Redding City Council adopted, by a vote of four to one, Ordinance No. 1850 prohibiting electronic reader boards.

The motion to adopt the ordinance stated: "[The city council] finds there is a public urgency and determines that electronic reader boards shall be immediately prohibited in the City (pursuant to Section 36937 of the Government Code) until the City has adequate time to develop regulations for such signs regarding their prohibition or location, size, placement [sic] to enable the public to locate goods, services, and facilities without difficulty and confusion, to prevent the wasteful use of resources in competition among businesses for attention, to prevent hazards to life and property, to assure the continued attractiveness of the community, and to protect property values; and that Ordinance No. 1850 be adopted, and effective immediately, . . ." The urgency provision made the ordinance effective immediately, rather than 30 days after enactment, under Government Code section 36937.

As required by subdivision (b) of Government Code section 36937, the city council included a statement of facts constituting the urgency as section 3 of the ordinance: "This Ordinance, pursuant to California Government Code Section 36937(b), shall become effective immediately. It is hereby found that the public health need of the community is met by the immediate imposition of a ban on electronic reader-board signs since such signs are

aesthetically displeasing and out of harmony with the character of this community so as to constitute visual blight which reduces the quality of life within the community to the extent that the overall public health is detrimentally affected."

In light of the new ordinance, the city took no steps to review Crown Motors's application for a use permit. Had the city council not passed Ordinance No. 1850 as an urgency measure, it would have processed and granted Crown Motors's application for a use permit within 30 days after the enactment of the ordinance and before it became effective.

## DISCUSSION

The trial court may grant a motion for summary judgment only "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) ■ "[A] defendant moving for summary judgment has the burden of negating every alternative theory of liability presented by the pleadings . . . ." (*Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 271, fn. 1 [179 Cal.Rptr. 30, 637 P.2d 266].) Any doubts as to whether the motion should be granted must be resolved in favor of the party opposing the motion. (*Miller* v. *Bechtel Corp.* (1983) 33 Cal.3d 868, 874 [191 Cal.Rptr. 619, 663 P.2d 177].) ■ On appeal, we review the motion independently applying the same standard under Code of Civil Procedure section 437c the trial court must apply. (*ITT Telecom Products Corp.* v. *Dooley* (1989) 214 Cal.App.3d 307, 311 [262 Cal.Rptr. 773].)

Crown Motors's prime contention is the city council did not include a proper declaration of facts as required by Government Code section 36937, subdivision (b), for the ordinance to take effect immediately. Section 36937 provides, in part: "Ordinances take effect 30 days after their final passage. An ordinance takes effect immediately, if it is an ordinance: . . . [¶] (b) For the immediate preservation of the public peace, health or safety, containing a declaration of the facts constituting the urgency, and is passed by a four-fifths vote of the city council."

Crown Motors argues the declaration of facts included in the ordinance was deficient because the city council could not properly base a determination of urgency on aesthetics and because the facts did not constitute an actual urgency.

I

*The City Council's Determination Public Health Would be Detrimentally Affected by Electronic Reader Boards Was Within Its Legislative Domain*

█ Crown Motors contends "public health" cannot be equated with "aesthetics." Since the city council referred to aesthetics as the justification for adopting the urgency ordinance, Crown Motors maintains the city council could not base the immediate effectiveness of the ordinance on public health. We disagree.

The United States Supreme Court has recognized the legitimacy of basing restrictive local legislation on aesthetic concerns. █ "It is well settled that the state may legitimately exercise its police powers to advance esthetic values." (*City Council* v. *Taxpayers for Vincent* (1984) 466 U.S. 789, 805 [80 L.Ed.2d 772, 787, 104 S.Ct. 2118].) Furthermore, "[t]he Constitution itself confers upon all cities and counties the power to 'make and enforce within [their] limits all local, police, sanitary, and other ordinances and regulations not in conflict with the general laws.' (Cal. Const., art. XI, § 7.) █ A city's police power under this provision can be applied only within its own territory and is subject to displacement by general state law but otherwise is *as broad as the police power exercisable by the Legislature itself.*" (*Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 140 [130 Cal.Rptr. 465, 550 P.2d 1001], italics added.)

█ "Public health" must be interpreted according to the circumstances in which it is used. It is "not susceptible to accurate definition since it takes on new definitions when new conditions arise, but generally speaking, it means the wholesome condition of the community at large." (*Chisholm* v. *California Jockey Club* (1958) 164 Cal.App.2d 367, 369 [330 P.2d 676], quoting 39 C.J.S., Health, § 1, p. 811.) The city council has broad powers in enacting ordinances to maintain the public health within its jurisdiction. (*Sunset Amusement Co.* v. *Board of Police Commissioners* (1972) 7 Cal.3d 64, 72 [101 Cal.Rptr. 768, 496 P.2d 840]; Cal. Const., art. XI, § 7.)

We see no reason to restrict from these broad powers, within the spectrum of public health, the power of the city council to advance the quality of life in the community by eliminating visual blight. Mental health is certainly included in the public health. "[T]he city's interest in attempting to preserve the quality of urban life is one that must be accorded high respect." (*Young* v. *American Mini Theatres* (1976) 427 U.S. 50, 71 [49 L.Ed.2d 310, 327, 96 S.Ct. 2440], quoted in *City Council* v. *Taxpayers for Vincent, supra,* 466 U.S.

at p. 807 [80 L.Ed.2d at p. 789].) The broad definition of public health and the city council's broad powers to implement general policy lead us to conclude aesthetics may be properly considered a public health matter under the circumstances of this case.

## II

*The Urgency Upon Which the City Council Acted Justifies the Immediate Effect of the Ordinance*

Crown Motors also contends there were no facts constituting an actual urgency and justifying an immediate ban of electronic reader boards. This court has stated: " 'In the absence of evidence to the contrary it will be assumed that a municipal legislative body in enacting an emergency ordinance acted on sufficient inquiry as to whether an emergency existed. Its declaration is prima facie evidence of the fact. Where the facts constituting the emergency or urgency are recited in the ordinance and are such that they may reasonably be held to constitute an emergency, the courts will not interfere, and they will not undertake to determine the truth of the recited facts.' (45 Cal.Jur.3d, Municipalities, § 199, p. 315; fns. omitted.) Under the doctrine of separation of powers, which applies to local legislative bodies, we may not invalidate legislation in the absence of 'some overriding constitutional, statutory or charter proscription.' (*City and County of San Francisco v. Cooper* (1975) 13 Cal.3d 898, 915-916, and fn. 7 [120 Cal.Rptr. 707].)" (*Northgate Partnership v. City of Sacramento* (1984) 155 Cal.App.3d 65, 69 [202 Cal.Rptr. 15].)

While a city council's determination the declaration of facts is sufficient to constitute an urgency may be reviewed by the courts, courts normally will not investigate the truth of the facts declared by the city council. (*In re Stratham* (1920) 45 Cal.App. 436, 439 [187 P. 986].) However, "the mere declaration of the council . . . that the ordinance is passed for the immediate preservation of the public health is neither conclusive nor yet sufficient." (*In re Hoffman* (1909) 155 Cal. 114, 120 [99 P. 517] disapproved on another point in *In re Lane* (1962) 58 Cal.2d 99, 105 [22 Cal.Rptr. 857, 372 P.2d 897].) Thus, we look at the supporting facts.

During the city council's consideration of this ordinance, the planning commission informed the council members there were two applications for electronic reader boards pending. One of the applications was Crown Motors's; however, it is unclear from the record what happened to the other application. The planning and community development director stated the city council needed to enact an urgency ordinance to provide adequate standards for the consideration of those applications. He suggested a

moratorium would allow the city council time to thoroughly review the issue. These observations were echoed in a report to the city council from the planning commission dated April 14, 1988.

In addition, Crown Motors's own complaint provides support for the city council's conclusion an urgency existed. Crown Motors alleges, as part of its justification for seeking injunctive and declaratory relief, the city would have granted the use permit to erect its electronic reader board within 30 days of the enactment of the ordinance if the urgency provision had not given the ordinance immediate effect.

Concerning whether erection of one more electronic reader board in Redding justified the urgency provision, we defer to legislative wisdom. Having already determined the city council could regulate aesthetics under the rubric of public health, we cannot profitably consider the minutiae of degree in the subjective realm of aesthetics. The city council, as the elected representative legislature of Redding, determined Crown Motors's reader board would be aesthetically displeasing and harmful to the public health. This is a subjective determination the city council may make based on its power to declare the aesthetic will of Redding. The courts have no such power. Thus, we sustain the city council's determination the threatened erection of one more electronic reader board justified the urgency provision.

The approval of an electronic reader board was imminent and would be accomplished if the city council did not enact the ordinance with an urgency provision, allowing it to take effect immediately. The city council made the subjective determination one more electronic reader board would detrimentally affect the aesthetics and, thus, the public health of Redding. We conclude the city council reasonably found an urgency under Government Code section 36937, subdivision (b). (See *Northgate Partnership* v. *City of Sacramento, supra*, 155 Cal.App.3d at p. 69.)

CONCLUSION

Crown Motors's contentions concerning the validity of Ordinance No. 1850 as an urgency measure lack merit. Consequently, the ordinance took effect immediately upon passage, and the city cannot be compelled to grant the use permit, the application for which would have come up for consideration, in its normal course, after the enactment of the ordinance prohibiting electronic reader boards.

## DISPOSITION

The judgment is affirmed.

Marler, Acting P. J., and Davis, J., concurred.

A petition for a rehearing was denied August 6, 1991.